Louis B. Heller, J.
The defendant wife in this matrimonial action brings on a motion by order to show cause for an order: (a) disqualifying the attorney for the plaintiff husband from representing the husband in this action; (b) directing the plaintiff’s attorney to vacate a judgment by confession, obtained by said attorney upon plaintiff’s confession of judgment, for legal fees charged by the attorney as a result of *894 professional services rendered to the plaintiff in a legal matter concluded prior to commencement of this action; (c) directing the plaintiff’s attorney to deposit with the court all funds received by him as a result of his levy upon the salary of plaintiff in enforcement of the judgment.
Briefly, the following facts are claimed in the affirmation of plaintiff’s attorney submitted in opposition to the motion and, for purposes of this motion, stand unchallenged by the movant: in 1971 and 1972 the plaintiff’s attorney represented the plaintiff in a case in which the plaintiff, a correction officer, was charged with manslaughter in the death of an inmate in the Kings County psychiatric prison ward. The jury trial consumed a three-week period, culminating on December 14, 1972 in a verdict of acquittal on all counts of the indictment. A fee of $15,000 for the services rendered to the plaintiff by the attorney was allegedly fixed on the day following the acquittal.
The present action for divorce was commenced by the plaintiff approximately one year after his acquittal in the manslaughter case. By an order of the court in this action, dated June 28, 1974, plaintiff was directed to pay alimony pendente lite to the defendant wife. On September 12, 1974, the plaintiff, at a time when he was in arrears in the payment of said alimony, confessed judgment for the balance of $13,400 owing to plaintiff’s attorney as and for his services in the manslaughter case.
As hereinabove indicated, the instant movant does not, at this time and upon this motion, challenge the assertions made by the plaintiff’s attorney in opposition to the motion, to the effect that the debt incurred by the plaintiff for the services rendered by his attorney in the manslaughter case was a valid debt accruing prior to the commencement of the present action and, of course, prior to the order for payment of alimony and that the plaintiff confessed judgment willingly and at his own instigation so as to preserve the attorney’s rights of enforcement in the collection of the debt owing by the plaintiff to his attorney.
In short, the present motion is not grounded upon any claim of fraudulent conduct on the part of plaintiff or his attorney. As stated in the memorandum of law submitted by defendant, "The issue whether a fraudulent conveyance was made and whether both plaintiff’s and plaintiff’s counsel’s behavior to thwart a court order was contumacious, will be made the *895 subject of a separate proceeding and is not the issue before the court. The sole issue intended is whether such conduct by plaintiffs counsel in entering a judgment mandates his disqualification and avoidance of his advantages in obtaining the confession and subsequent levy.” The motion is actually grounded upon a two-fold contention, namely: (1) that the plaintiff’s attorney has violated the Canons of Professional Ethics in obtaining as against his client a judgment by confession in another matter and in seeking to enforce that judgment while at the same time representing the client, in this action in which the client is in arrears under a court order for the payment of alimony pendente lite; (2) that in doing so, the attorney has placed himself in the position of representing his own interests in conflict with those of his client in the present action, thereby precluding effective representation of the client in this action.
In the court’s view, the movant has not satisfactorily sustained the foregoing position.
It cannot be doubted that an amount which is due an attorney from his client, as compensation for services rendered, creates a relationship of creditor and debtor as between the attorney and the client; and the attorney’s right to payment of the debt may properly be enforced against the client in any way in which an ordinary creditor would have a right to enforce payment of a debt (see 7 CJS, Attorney and Client, § 160 and footnote cases there cited). Thus, the steps taken by an attorney to collect a debt for professional services rendered, as in the situation here presented, are not per se improper. In such situation, no question of impropriety on the part of plaintiff’s attorney in the case at bar would be involved if it were not for the movant’s claim that the attorney’s continuing representation of plaintiff in this case represents, under the circumstances, a conflict of interest requiring the disqualification of the attorney.
The rationale offered by the movant in support of the claim that there is a prejudicial conflict of interest as between attorney and client in this case is expressed in the movant’s memorandum of law as follows: "In the particular facts as provided herewith, an attorney levies upon his client’s wages while the client is in arrears under a court order. At the moment of levy upon his client’s wages, he created a situation wherein the client’s ability to pay the court ordered support and alimony obligations might be impaired. At such moment, *896 the client may be subject to enforcement remedies; as for example, imprisonment, sequestration and receivership. Plaintiffs attorney at the time he garnisheed his client’s wages has no way at that time of knowing whether the court would accept an attorney’s levy as a justification for a motion for contempt or enforcement proceedings.”
The fallacy of this argument, insofar as it seeks to show that the plaintiff would be prejudiced in this case if his attorney were to continue to represent him, is readily apparent. Since, as has been stated, the plaintiffs attorney was within his rights, in the absence of fraudulent or other improper conduct with respect thereto, in establishing his claim and proceeding to enforce it by way of levy on his client’s salary, a withdrawal of the attorney from the case at bar would not place his client in a more favorable position vis-ávis the ability of the client to comply with an order of the court for the payment of alimony. To state it conversely, the continuing representation of the plaintiff by his present attorney would not adversely affect the ability of the client to comply with the order of the court for the payment of alimony if, on the facts here assumed to be true, the attorney could not in any event be barred from enforcing payment of his claim. It is of no little significance, moreover, that the client, presumably with full knowledge of the facts, apparently assents to having his attorney continue to represent him in this case.
It may be added that there is no merit to the movant’s further contention that the plaintiffs attorney, being in a fiduciary position, would improperly obtain disclosure of his client’s finances for the promotion of his own interest, if he is allowed to continue as attorney in this case. The short dispositive answer, to this contention is that, from all the indications here appearing, the client is co-operating fully and willingly with his attorney in seeking to have the attorney’s claim against him satisfied; and there is no indication that the client would be averse to have the state of his finances known to his attorney as a result of any disclosure of finances as may be required in this action.
The motion is denied without prejudice to such remedy or remedies as may be available to the defendant upon a showing of fraudulent or other improper conduct on the part of plaintiff or his attorney, or both, with respect to the creation and enforcement of the debt here involved, or in the event that further developments in the case at bar produce a conflict of *897 interest between plaintiff’s attorney and his client, not presently discernible which would adversely affect the vigor and quality of representation furnished by the attorney to his client.